## Mulligan *v.* School District, Appellant.

*School district—Powers—Statutes—Land acquired by eminent domain—Sale of land—Covenant of general warranty.*

1. School districts are creatures of the statutes and have only such powers as are thereby given to them; and a school district has no statutory power either express or implied to convey in fee property acquired by it in the exercise of the power of eminent domain or in such a case to enter into a covenant of general warranty with the vendee.

*Assumpsit—Covenants—Deed—General warranty—School district—Land acquired by eminent domain.*

2. In an action against a school district upon a general warranty contained in a deed from defendant to plaintiff, it appeared that the land in question had been acquired in the exercise of the power of eminent domain by the defendant from its original owners, who subsequently conveyed all their right, title and interest therein to another; that later the property was permanently abandoned for school purposes and sold to plaintiff by a deed of general warranty; and that the successors in title to the original owner had evicted the plaintiff by an action of ejectment. Recovery was resisted on the ground that the contract was ultra vires both as to the officers who executed the deed on behalf of the district and as to the district itself. Plaintiff was unable to produce the minutes of the board and there was no proof justifying a finding that the

officers who signed the deed were formally authorized to bind the district by such a covenant. *Held,* that the plaintiff was not entitled to recover.

Argued April 15, 1913. Appeal, No. 63, Jan. T., 1913, by plaintiff, from judgment of C. P. Luzerne Co., May Term, 1906, No. 62, for plaintiff in case of E. W. Mulligan and James L. Morris, Executors of the Last Will and Testament of Michael W. Morris, deceased, v. the School District of the Township of Hanover. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Reversed.

Assumpsit on covenant of general warranty. Before GARMAN, J.

By agreement of the parties, the case was referred to P. F. O'Neill, Esq., as referee, who found in favor of the plaintiff, which finding was sustained by the court.

The opinion of the Supreme Court states the case. See also Lazarus v. Morris, 212 Pa. 128.

*Error assigned,* among others, was in sustaining the master's report and in entering judgment for the plaintiff.

*Benjamin R. Jones,* with him *Frank A. McGuigan,* for appellant, cited: Rutledge v. McCue, 10 Kulp 57; Cascade School District v. Lewis School District, 43 Pa. 318; Roland v. Reading School District, 161 Pa. 102; Wachob v. Bingham Township, 8 Philadelphia 568; Ford v. School District, 121 Pa. 543; Erie School District v. Fuess, 98 Pa. 600; Findla v. City and County of San Francisco, 13 Cal. 534.

*James L. Morris,* for appellee.—Whenever a municipal corporation engages in things not public in their nature, it acts as a private individual, no longer legislates, but contracts and is as much bound by its engage-

ments as is a private person: Western Savings Fund Society v. Philadelphia, 31 Pa. 185; White v. Meadville, 177 Pa. 643; Baily v. Philadelphia, 184 Pa. 594.

Equity and honest dealing demand that a corporation receiving a benefit from its ultra vires contract shall account for what it has received from him who has fully performed his part of it: Bartholomew v. Austin, 85 Fed. Repr. 359; Higgins v. San Diego, 131 Cal. 294 (63 Pac. Repr. 470); Westbrook v. Middlecoff, 99 Ill. App. 327; Drainage Commissioners v. Lewis, 101 Ill. App. 150; Kansas City v. Wyandotte Gas Co., 9 Kansas App. 325 (61 Pac. Repr. 317); Monroe Water Works Co. v. Monroe, 110 Wis. 11 (85 N. W. Repr. 685); Nicholasville Water Co. v. Nicholasville, 38 S. W. Repr. 430; Coit v. Grand Rapids, 116 Mich. 493 (73 N. W. Repr. 811).

As to the contract of corporations, the rule is that where a question is one of capacity, or authority to contract, arising either on a question of regularity of organization, or of power conferred by the charter, a party who has had the benefit of the contract cannot, in an action founded upon it, contest its validity. And this rule applies with equal force to all corporations, public or private: Argenti v. San Francisco, 16 Cal. 255; Pimental v. San Francisco, 21 Cal. 351; Dorian v. Shreveport, 28 Fed. Repr. 387; Detroit v. Detroit City Ry. Co., 56 Fed. Repr. 867; Kingman County Board of Commissioners v. Cornell University, 57 Fed. Repr. 149; Hitchcock v. Galveston, 96 U. S. 341; Allegheny v. McClurkan, 14 Pa. 81; Wright v. Pipe Line Co., 101 Pa. 204; Boyd v. American Carbon Black Co., 182 Pa. 206; Presbyterian Board of Relief for Disabled Ministers v. Gilbee, 212 Pa. 310; Aspinwall-Delafield Co. v. Aspinwall Boro., 229 Pa. 1.

OPINION BY MR. JUSTICE MOSCHZISKER, May 22, 1913:

In 1871 the defendant school district, in the exercise of the power of eminent domain conferred by the Act of

April 9, 1867, P. L. 51, gained title to and took possession of a certain piece of real estate belonging to the heirs of George Deal; thereafter the Deal heirs conveyed to Thomas Lazarus all their right, title and interest in the property taken by the school district. In 1896 the premises were permanently abandoned for school purposes and offered for sale. The property was bought by one Michael W. Morris for the sum of $1,000; this amount was paid to the school authorities and the proper district officials executed a deed purporting to convey a fee to the purchaser and containing a covenant of general warranty. Morris took and held possession until 1905, when the heirs of Thomas Lazarus, who had died in the meantime, brought an action of ejectment to recover the land; this resulted in a judgment in favor of the plaintiff which was affirmed on appeal (Lazarus v. Morris, 212 Pa. 128), and the purchaser was ejected. Morris subsequently died and his personal representatives instituted the present suit against the school district to recover the purchase money paid to it by their decedent. The case was sent to a referee who found in favor of the plaintiffs and made an award of $1,000 with interest from August 20, 1896, upon which final judgment was entered; the defendant school district has appealed.

The statement of claim shows that the plaintiff's action was expressly founded upon a breach of the covenant of general warranty contained in the deed to their decedent. School districts are creatures of the statutes and only have such powers as are thereby given to them; they are "corporations of lower grade and less power than a city, have less the characteristics of private corporations and more of a mere agent of the state; they are territorial divisions for the purposes of the school laws, and their officers have no power except by express statutory grant and necessary implication." (Erie School District v. Fuess, 98 Pa. 600, 606.) No act of assembly has been cited to us, and we know of none,

which either expressly or impliedly grants or attempts to grant the right or confer the power upon a school district to convey in fee property acquired by it in the exercise of the power of eminent domain, or in such a case to enter into a covenant of general warranty of title; and in law the plaintiff's decedent must have been aware of this when he accepted the deed and paid the purchase money. Moreover, even though from all the facts in the case the inference might be deduced that a conveyance to the purchaser had been authorized by action of the school board, the plaintiffs were unable to produce the minutes and there were no proofs from which it could justifiably be found that the officials who signed the deed had been formally authorized to bind the district by a covenant of general warranty. The conclusion we are forced to is hard upon the estate of the plaintiff's decedent, but it is clear beyond doubt that the referee and the learned court below erred when they permitted a recovery in this case.

The assignments of error are sustained, the judgment is reversed, and is here entered for the defendant.