## Redstone Township School District's Petition.

*School law—Eminent domain—Land taken for school purposes—Failure to agree with owner—Petition for viewers—Jurisdictional requirements—Act of May 18, 1911.*

1. The location and amount of any real estate required by any school district for school purposes is to be determined by the board of school directors of such district by a vote of the majority of all the members of such board.

2. Whenever the board of school directors of any district cannot agree on the terms of its purchase with the owner or owners of any real estate that said board has selected for school purposes, such board of school directors, after having decided upon the amount and location thereof, may, under the School Code of May 18, 1911, P. L. 309, enter upon, take possession of, and occupy such land as it may have selected for school purposes, and designate and mark the boundaries, and thereafter may use the same for school purposes.

3. When the board of school directors of any district shall enter upon and occupy lands for school purposes, as provided in the School Code, it, or the owners of such premises, or any one of them in behalf of all of them, may present a petition to the Court of Common Pleas of the county in which such land is situate, setting forth the facts, giving a description of the premises taken by metes and bounds, and the names of all the owners thereof, and praying for the appointment of viewers.

4. Where none of these jurisdictional requirements ever has been complied with in a school district of the third class, by or on behalf of the school district, the entire proceedings for the condemnation of the real estate for school purposes are void *ab initio.*

Motion to quash petition for the appointment of viewers. C. P. Fayette Co., Dec. T., 1923, No. 396.

*Joseph J. Baer,* for petitioner; *Cottom & Cottom,* for motion.

VAN SWEARINGEN, P. J., Feb. 19, 1924.—This motion on behalf of owners of undivided interests in the real estate described in this proceeding asks the court to quash a petition by the School District of Redstone Township for the appointment of viewers to determine the amount of damages that has been sustained by the alleged taking of certain land by the school district for school purposes.

The petitioner sets forth in its petition that it is a school district of the third class, comprising the whole of Redstone Township; that on May 24, 1915, it took for school purposes certain land described in the petition, and entered upon it and erected a school building thereon; that on Oct. 8, 1923, the directors of the school district passed the following resolutions: "*Whereas,*

the school district has taken and occupied for school purposes the undivided three-eighths interest in and to all that certain tract of land, situate in Redstone Township, Fayette County, Pennsylvania, bounded and described as follows: All those four certain contiguous lots, situate in the village of Herbert, Redstone Township, Fayette County, Pennsylvania, known and designated as lots Nos. 12, 13, 14 and 15 in the Kacur City plan of lots laid out by Mary Kacur, which lots, taken together, are bounded and described as follows: Fronting 162.06 feet on the northerly side of a public road leading from the National Pike to Fairbanks and extending back in a northerly direction to a ten-foot alley; the easterly side of No. 15 extends back 149.42 feet and the westerly side of lot No. 12 extends back 169.61 feet. Excepting and reserving thereout and therefrom all of the Pittsburgh or nine-foot vein of coal, together with the mining rights as heretofore conveyed. *And whereas*, the directors have been unable to agree with the owners upon a price therefor. *Now be it resolved*, that we hereby authorize our solicitor to petition the Court of Common Pleas for the appointment of viewers to assess the damages sustained by George Pavlick, Lilly Pavlick, Rose Haragosh, Andy Haragosh, Jr., Mary Haragosh Zavatchen and Andy Haragosh, Sr., the owners of said three-eighths interest, by reason of the taking and occupancy of said land." And praying for the appointment of viewers and for the appointment of a guardian *ad litem* for two of said owners alleged to be minors.

Section 604 of the Act of May 18, 1911, P. L. 309, provides: "The location and amount of any real estate required by any school district for school purposes shall be determined by the board of school directors of such district by a vote of the majority of all the members of such board: Provided, that no new school building shall hereafter be erected without a proper playground being provided therefor."

Section 605 of the same act provides: "Whenever the board of school directors of any district cannot agree on the terms of its purchase with the owner or owners of any real estate that said board has selected for school purposes, such board of school directors, after having decided upon the amount and location thereof, may enter upon, take possession of and occupy such land as it may have selected for school purposes, and designate and mark the boundary-lines thereof, and thereafter may use the same for school purposes according to the provisions of this act."

Section 609 of the same act provides, *inter alia:* "When the board of school directors of any district shall enter upon and occupy lands for school purposes, as herein provided, it or the owners of such premises, or any one of them in behalf of all of them, may present a petition to the Court of Common Pleas of the county in which such land is situated, setting forth the facts, giving a description of the premises taken by metes and bounds, and the names of all the owners thereof."

"School districts are creatures of the statutes, and have only such powers as are thereby given to them; they are corporations of lower grade and less power than a city, have less the characteristics of private corporations and more of a mere agent of the State; they are territorial divisions for the purposes of the school laws, and their officers have no power except by express statutory grant and necessary implication:" Mulligan *v.* School District, 241 Pa. 204.

Counsel for the motion to quash have filed nine reasons in support of their motion, four of which are as follows, reference being had therein to the petition for the appointment of viewers: (1) It does not appear by the petition that any resolution was adopted by the Board of School Directors of the

4 D. & C.

### Redstone Township School District's Petition.

School District of Redstone Township on May 24, 1915, or at any other time, condemning the real estate described in the petition, or any interest therein. (2) It does not appear by the petition that the location and amount of the real estate required by said school district for school purposes was determined by the board of school directors of said school district by a vote of a majority of all of the members of said board. (4) The said petition does not set forth a description of the premises alleged to have been taken by metes and bounds. (7) The resolution of Oct. 8, 1923, is insufficient and not in accord with the law.

It is required by the provisions of the School Code quoted that the location and amount of any real estate required by a school district for school purposes shall be determined by the board of school directors of the district by a vote of the majority of all the members of such board, and that, after that has been done as required by law, the school board may enter upon, take possession of and occupy such land, then designating and marking the boundary-lines thereof, and thereafter may use the same for school purposes, after which the school district or the owners of the premises, or any one of them in behalf of them all, may present a petition to the Court of Common Pleas of the county in which the land is situated, setting forth the facts, in which petition a description of the premises by metes and bounds must be given. It was conceded by counsel for the petitioner, at the argument, that none of these jurisdictional requirements ever has been complied with by or on behalf of the school district. Proceedings such as are contemplated here are statutory throughout, and we are of opinion that these entire proceedings for the condemnation of this property for school purposes by this school district are void *ab initio*.

It is to be noticed that the School Code requires the petition for the appointment of viewers to set forth the facts. There is no averment in this petition as to who the owners of the remaining undivided interests in this land are, and it is only in the brief of counsel for the petitioner that we find this statement, the time referred to being May 24, 1915: "The board, prior to that time, acquired by deed the five-eighths interest in the property and thought that it had title to the whole property." In the brief of counsel for the motion to quash allegation is made that: "It does not appear by the petition that any effort was made to agree with the owners of the undivided three-eighths interest prior to the entry and occupation of this land. At the time said entry was made the owners of said undivided three-eighths were all minor children. It does not appear by the petition, nor is it a fact, that any steps were taken by the school district to have guardians appointed for these minor children in order that terms of purchase might be agreed upon." A fuller statement of the facts in the petition for the appointment of viewers would have been helpful. We know not the facts relative to these matters. But we decide the case, not thereon, but on the matters suggested in the preceding paragraph of this opinion.

It is but fair to say that counsel now appearing for this school district was not in its employ at the time of the inception of these proceedings, and had nothing to do with the case in the beginning.

And now, Feb. 19, 1924, the motion to quash the petition for the appointment of viewers is sustained and the petition is quashed.

From Luke H. Frasher, Uniontown, Pa.

NOTE.—Syllabus by the Court.