## Wey et ux. v. Ben Avon Borough School District.

*John M. Gallagher* and *Linus P. McGuiness*, for plaintiffs.
*Doty & Thornton*, for defendant.

MOORE, J., May 10, 1930.—In this proceeding complainants are seeking an injunction restraining the defendant school district from taking any further steps toward condemning or appropriating complainants' real estate which lies in Emsworth Borough, in an effort to enlarge its athletic field, a portion of which original field has been appropriated by Allegheny County in connection with the building of the Ohio River Boulevard.

The case was heard substantially upon bill and answer, and by stipulation with the same force and effect as if upon final hearing.

By resolution the defendant school district provided for the condemnation of complainants' real estate in the adjoining borough for the purpose aforesaid, and the complainants contend the defendant's condemnation ordinance is void, and that, therefore, the restraining order should issue.

The attempted condemnation is under the provisions of the Act of April 27, 1925, P. L. 348, amending section 602 of the Act of May 18, 1911, P. L. 309, as amended by the Act of May 20, 1921, P. L. 970, the so-called public school system acts of Pennsylvania, the second paragraph of which last amendatory enactment contains, *inter alia*, the following provision:

"When the territory of any school district entirely or partially surrounds the territory of another school district, or where any part of the territory of

any school district is so located that access thereto can be had only by passing through some other school district, or where there is vacant land suitable for school purposes in another school district adjacent or near to any district, or where an existing school building, private or public, not required for school purposes by the district in which the same is located, is conveniently located for use, the board of school directors are authorized, for the convenience of attending pupils, to acquire, by purchase, lease or condemnation, any such school building or any real estate in such other district for the erection thereon of school buildings. . . ."

The third paragraph of the said amending Act of 1925, among other things, provides:

"The board of school directors of any district is hereby vested with the necessary power and authority to acquire in the name of the district, by purchase, lease, gift, devise, agreement, condemnation or otherwise, for school or playground purposes, any school building or other real estate situated in another school district and to erect thereon school buildings. . . ."

From the evidence we make the following

## Findings of fact.

1. Defendant, School District of the Borough of Ben Avon, is a school district of the fourth class.

2. Defendant, School District of the Borough of Ben Avon, at a meeting of the directors thereof, held on Feb. 10, 1930, adopted a resolution reciting the necessity that additional land be secured for the athletic field of the said defendant; selecting for school purposes, *inter alia*, the real estate in the Borough of Emsworth owned by complainants; directing that the board of school directors of said school district enter upon, take possession of and occupy said described real estate, and mark the boundary lines thereof, and use the same for school purposes as aforesaid; that the school district present a petition to the Court of Common Pleas of Allegheny County, Pennsylvania, asking for the appointment of a board of viewers to estimate and determine what amount of damages, if any, had been sustained by the owners of said premises by reason of the taking of the said land by the school district, and to whom payable, etc., all of which more fully appears by a copy of said resolution attached to the bill of complaint in this case, and marked Exhibit "A."

3. Defendant has duly and in order complied with the following procedure for condemnation of said property:

(1) The selection of the site;

(2) Been unable to agree with the complainants as to the price to be paid therefor;

(3) Decided on the amount of land and the location thereof, as appears by the resolution set forth by complainants as Exhibit "A."

(4) Entry, taking possession and occupancy, being one and the same act, concurrently performed by going upon the land;

(5) Designating and marking the boundary lines upon the land. It is the intention of said defendant school district to take and use the property described in the bill as an addition to its athletic field, making proper payment therefor, under the power of eminent domain.

4. The costs of acquiring said property will not increase the indebtedness of defendant school district beyond what is permitted by law.

5. For several years defendant, the School District of the Borough of Ben Avon, has owned and maintained an athletic field in the Borough of Ems-

worth, adjoining the property here in dispute. The County of Allegheny has taken a portion of said athletic field for the construction of the new Ohio River Boulevard. In view of the said taking of a portion of defendant's athletic field by the County of Allegheny, it is vitally necessary for the use of said athletic field that the property here in dispute be immediately added to the athletic field, as without it the athletic field is too small for use, and the public funds there invested are being wasted. In order that said athletic field may be available for use of school athletics for the year 1930, it is essential that work on the property be commenced at once. The granting even of a preliminary injunction in this case would work irreparable injury to the defendant in delaying the work on said athletic field, with the result that the entire investment of public funds, not only in the property in dispute but in the entire existing area of defendant's athletic field not taken by the County of Allegheny for the Ohio River Boulevard, would be wasted for the entire year 1930.

6. The defendant school district has been using its athletic field, and intends to continue its athletic field as restored by the taking of the complainants' property under the power of eminent domain, for the pupils of grade and high school, that they may have grounds upon which the common athletic games current among schools of such kind can be played, under reasonable rules and regulations adopted by said school district regarding the management and control of such exercises, athletics and games taken part in or played by the pupils as member of and in connection with such schools of defendant.

7. Defendant school district has on the existing athletic field, for the restoration of which complainants' property has been condemned, a building containing dressing rooms for the use of pupils of the school, and shower baths, and similar facilities for use in connection with the use of said property as an athletic field. Defendant does not have, and does not mean to have, upon said athletic field a building used for the mental instruction of the pupils alone, such facilities being already provided by the School District of the Borough of Ben Avon in its existing buildings for the mental instruction of its pupils not contiguous to said athletic field. The said school district has no intention of erecting any building exclusively for the mental instruction of the pupils upon said athletic field, which would not only be unnecessary, but would destroy the availability of said property as an athletic field, for which it is needed.

8. It would not be possible for defendant school district to obtain an athletic field contiguous to the property owned by it on which buildings are erected exclusively for mental instruction, within the boundaries of the School District of the Borough of Ben Avon, at any reasonable price, as all property surrounding said existing buildings for mental instruction is improved with buildings of high value.

## Discussion.

The defendant's right to condemn complainants' property must, therefore, be found in the foregoing provisions of the controlling act of assembly. Complainants' contention is that, while the act vests authority in the school board to acquire property in another school district "for school or playground purposes," the last said provision of the third paragraph of the act requires that such condemnation can only be made when the purpose thereof combines an intention to "erect thereon school buildings." In other words, the complainants contend that under this act the defendant school district

has no authority to condemn the complainants' property for playground purposes alone, and that such condemnation will only lie where the purpose of the same, if for playground purposes, also includes the purpose of the erection of a school building.

Under the admitted facts in this case, what the defendant school district has in the adjoining borough is an athletic field, and while the complainants contend that an athletic field does not come within the term "real estate for playground purposes," as defined in the act, we think that an athletic field is fairly embraced within the provisions of the act in referring to "playground purposes."

School districts being creatures of statute are strictly confined to the powers granted by statute: see Mulligan v. School District, 241 Pa. 204.

Complainants stress the unnecessary interpretation of the aforesaid act to the effect that real estate acquired by school districts in territory beyond its limits is of necessity exempt from taxation.

Discretionary acts on the part of a school board will be enjoined where it appears that the discretion vested in the school board was not properly used: Lamb v. Redding, 234 Pa. 481, and Gemmell et al. v. Fox et al., 241 Pa. 146.

From the pleadings, which practically embrace the record in this proceeding, we find the issue to be between the foregoing contention of the complainants and the contrary contention of the defendant school district, to the effect that under the controlling statute a school district is given the power in the alternative to acquire real estate for either school or playground purposes, and that it is clothed with the additional power to erect thereon school buildings.

We cannot mark as reasonable complainants' contention that the statute requires that any school district acquiring land for playground purposes shall, in condemning property in an adjoining borough, be required to erect thereon a school building.

We believe it is clear that the legislature intended to allow school districts to acquire land in adjoining school districts by condemnation for school buildings or playground purposes.

From the facts in the case we make the following

### Conclusions of law.

1. By virtue of the condemnation proceedings had, the title to the property here in dispute has become and is vested in the School District of the Borough of Ben Avon, defendant in this case.

2. The Board of School Directors of the School District of the Borough of Ben Avon may lawfully acquire real estate, by condemnation or otherwise, for school or playground purposes, including use as an athletic field, although situated in another school district and beyond the corporate limits of the Borough of Ben Avon.

3. The Board of School Directors of the School District of the Borough of Ben Avon may prescribe, adopt and enforce such reasonable rules and regulations as it may deem proper regarding the management, control or prohibition of exercises, athletics or games of any kind taken part in or played by any pupils as members of or in connection with their school, and under such power may provide suitable playgrounds, including athletic fields, for the use of the pupils of the school.

4. The physical development of a child is as essential to his well-being as is his mental development, and physical development cannot be had without a suitable place for recreation and exercise. To acquire such grounds is, therefore, within the province of the public schools, and is a school purpose.

694

5. An athletic field where the common athletic games usual among grade and high school pupils may be played is a playground.

6. Defendant school district has a right to acquire real estate by condemnation or otherwise, although situated in another school district and not physically contiguous to the acquiring school district, and the additional statutory power to erect thereon school buildings is discretionary and not mandatory, it not being required that any such school district acquiring land for a playground purpose, including use as an athletic field, shall thereon erect unneeded buildings exclusively for mental instruction, thereby destroying the availability of the property for the playground purpose for which it was acquired.

7. Preliminary injunction should be refused.

8. Permanent injunction should be refused.

9. The bill must be dismissed, at the cost of the complainants.

### Decree.

And now, May 10, 1930, upon consideration of the foregoing case, it is ordered, adjudged and decreed as follows:

The preliminary and permanent injunctions for the purpose of enjoining and restraining the defendant School District of the Borough of Ben Avon, its officers, agents or employees, from taking any further steps towards condemning or appropriating the property of the complainants are refused and the bill of complaint is dismissed, at the costs of the complainants.

From William J. Aiken, Pittsburgh, Pa.