**Giacomucci v. Southeast Delco School Dist.**

172

C.P. of Delaware County, no. 98-5805.

*David Silberman* and *Thomas P. Hamilton,* for plaintiffs.

*Robert M. Diorio* and *Clint Bolick,* for defendants.

BATTLE, *J.,* October 14, 1998—The Board of School Directors of the Southeast Delco School District held a special meeting on March 18, 1998. At the special meeting, the school board adopted a resolution which established the "School Choice Enrollment Stabilization Plan." This plan is routinely referred to as the "voucher plan." A summary of the voucher plan, in relevant part, provides as follows.

"(1) The plan is effective for the 1998-1999 school year.

"(2) The school district will provide a tuition scholarship for any student legally residing in the Southeast Delco School District who chooses to attend any other public or private school, at which the compulsory attendance requirements of state law may be fulfilled.

"(3) Scholarships are in the following amounts:

"(a) Kindergarten: $250

"(b) Grades 1-8: $500

"(c) Grades 9-12: $1,000

"(4) The scholarship payment will be made to an eligible student's parent as reimbursement of funds paid for tuition at a non-district-operated school."

The plaintiffs in this matter are either taxpayers of the Southeast Delco School District and/or parents of students attending the Southeast Delco School District schools. The plaintiffs have filed a seven-count complaint in equity for declaratory and injunctive relief to prevent the board of school directors and the school district from using public funds to pay tuition for school district children to attend private schools, including sectarian private schools. The plaintiffs contend that the defendants are without statutory authority to make such payments and that the voucher plan violates multiple provisions of the constitution of the Commonwealth of Pennsylvania. The first two counts of the complaint allege that the school district does not have statutory authority to implement the voucher plan. The remaining five counts of the complaint allege constitutional violations.

The plaintiffs have also filed a motion for judgment on the pleadings relative to the first two statutory counts of the complaint. That motion is the subject of this opinion.

The Pennsylvania courts have long recognized that school districts are statutory creatures and, as such, have no power except by express statutory grant and necessary implication. See *Mulligan v. School District,* 241 Pa. 204, 207, 88 A. 362, 365 (1913); *Erie School District v. Fuess,* 98 Pa. 600, 606 (1881); *Wilson v. Philadelphia School District,* 328 Pa. 225, 231-32, 195 A. 90, 95 (1937); and *Earth v. Philadelphia School District,* 393 Pa. 557, 561-64, 143 A.2d 909, 911-12 (1958). Therefore, there are two questions presented. First, is whether the Public School Code of 1949, 24 P.S. §101 et seq., expressly grants to the Southeast Delco School District the unrestricted power to use public school funds to make payments to school district students' parents to reimburse the parents for tuition paid to other schools. If there is no such express authority in the Public School Code, then the question is whether such a power is necessarily implied from some express power granted to the school district. The school district cites the following statutory language and case law in support of it having the express authority by statute to implement the voucher plan:

"(1) 24 P.S. §2-211 provides that 'the several school districts in this Commonwealth shall be, and hereby are vested as, bodies corporate, with all necessary powers to enable them to carry out the provisions of this Act.'

"(2) 24 P.S. §5-510 provides that 'the board of school directors of any school district may adopt and enforce such reasonable rules and regulations as it may deem necessary and proper, regarding the management of its school affairs.'

"(3) 'Although a school district's powers are limited to its statutory grant, this grant is a broad one.' *Parents United for Better Schools Inc. v. School District of*

*Philadelphia Board of Education,* 978 F. Supp. 197, 202 (E.D. Pa. 1997), *aff'd,* 1998 U.S. App. Lexis 15194 (3d Cir. July 9, 1998) (upholding districts condom distribution program under Pennsylvania School Code).

"(4) *Walker v. School District of City of Scranton,* 338 Pa. 104, 12 A.2d 468 (1940) which provided that:

"Each school board is empowered to administer the public school system within its school district. To enable it to do so efficiently and in the best interests of the children, it may adopt and enforce reasonable rules and regulations. . . . The aim and object of our school system is to provide the best education for the children of the Commonwealth. It cannot be doubted that it was the intention of the legislature to subordinate all other considerations.

"(5) *Commonwealth ex rel. Hetrick v. School District of the City of Sunbury,* 335 Pa. 6, 6 A.2d 279 (1939) stands for the proposition that the duty of devising methods to meet the obligation of obtaining the best educational facilities for the children of a Commonwealth devolves upon the local school boards.

"(6) *Danson v. Casey,* 484 Pa. 415, 399 A.2d 360 (1979) provided that the framers of our Pennsylvania Constitution endorsed the concept of local control to meet diverse local needs and took notice of the right of local communities to utilize local tax revenues to expand educational programs subsidized by the state. The *Danson* case involved a challenge to the funding of schools through local property taxes due to funding inequalities."

The plaintiffs in the case at bar argue that the Public School Code grants school districts the powers necessary to establish and maintain public schools pursuant to 24 P.S. §§5-501 through 5-505. The Public School Code further provides, at 24 P.S. §13-1310(a) that the school

board shall subdivide the school district in such a manner that all pupils in the district shall be assigned to, and reasonably accommodated in, one of the public schools within the district. The School Code further provides that the school board is to provide for the necessary grounds and suitable school buildings for the public schools pursuant to 24 P.S. §7-701, to purchase, "to construct, and to maintain those grounds and facilities pursuant to 24 P.S. §§7-701 through 7-791," and to purchase all necessary furniture, equipment, textbooks, school supplies, and other appliances for the use of the public schools pursuant to 24 P.S. §8-801.

A commonsense reading of the Public School Code results in a finding that there is not any express authority granted by statute to a school board to provide the parents of school district students with sums of money as tuition reimbursement for tuition paid to non-school district schools. While the school district has cited general provisions of the School Code and case law indicating that school districts have broad authority, there is no specific cite of any authority granted to a school district to reimburse a school district parent for tuition paid to non-school district schools. Therefore, this court must consider whether there is any statutory language which would necessarily imply that school districts have a right to provide tuition reimbursement for non-school district schools. The school board cites statutory authority for the provision of specific types of aid to private school students. The issue in the case at bar is not whether certain types of aid may be provided to private school students. The issue in the case at bar is whether the reimbursement of tuition paid to non-district schools is necessarily implied from the express grant of authority given to school districts under the Public School Code. Further, constitutional provisions cited by the school

district are not relevant in the case at bar. We are here dealing only with the statutory provisions of the School Code. Due to the fact that there is statutory authority for school districts to provide certain types of assistance to non-district schools does not necessarily imply that there is statutory authority for school districts to provide other types of assistance to non-school district schools or assistance to district parents to enable their children to attend a non-school district school.

The school district notes that the purpose of the voucher plan is to ease the overcrowding of the public schools within the district and to assist in reducing costs to the district. Certainly, the plan has been implemented for good purposes. However, because the plan has been implemented for good purposes does not mean that the plan is statutorily authorized. This court can find nothing within the Public School Code which necessarily implies that the school district has the authority to provide tuition reimbursement to parents whose children are attending non-district schools. Rather, this court finds that the statutory provisions of the School Code necessarily imply just the opposite. The Public School Code, as previously indicated, provides that school districts are to maintain sufficient numbers of public schools (24 P.S. §§5-501 through 5-505), that the school board is to subdivide the school district in such a manner that all pupils in the district shall be assigned to, and reasonably accommodated in, one of the public schools in the district (24 P.S. §1310(a)), the school board is to provide for the necessary grounds and suitable school buildings for the public schools of the district (24 P.S. §7-701), and to purchase, construct, and maintain those grounds and facilities (24 P.S. §§7-701 through 7-791). The necessary implication from the provisions of the code is that the school district

is to provide sufficient schools for the public school students of the district. There is no necessary implication that the school board is to provide for tuition reimbursement for students attending non-district schools in an effort to ease school overcrowding or to lessen school district expenses.

For all of the foregoing reasons, the plaintiffs' motion for judgment on the pleadings must be granted.

## ORDER

And now, to wit, October 14, 1998, it is hereby ordered and decreed that the plaintiffs' motion for judgment on the pleadings is hereby granted. The defendants are hereby enjoined from implementing and enforcing any and all provisions of the "School Choice Enrollment Stabilization Plan" adopted by the Southeast Delco School Board on March 18, 1998.

**In re J.V.N.**