## Appearance of the Governor Before Senate Investigating Committee.

SCHNADER, Attorney General, February 28, 1931.—I have your request to be advised whether in my opinion your appearance as a witness before the committee constituted by resolution of the Senate to investigate the Public Service Commission would establish an objectionable precedent.

As I understand the resolution creating the Senate committee, its primary purpose is to investigate certain charges which you have made against the Public Service Commission of the Commonwealth of Pennsylvania as the basis for recommending to the General Assembly that the commission be abolished.

In conducting its investigation the committee has thus far been calling wit-

nesses who have been examined and cross-examined by members of the committee and by the committee's counsel, one of whom was selected by the committee of its own accord and the other of whom is an employee of your office loaned to the committee at its request. Presumptively, the committee in inviting you to appear contemplated that you should be examined and cross-examined like other witnesses who have appeared before it.

The Constitution of this Commonwealth in article four, section two, provides that "The supreme executive power shall be vested in the Governor, who shall take care that the laws be faithfully executed; . . ."

This constitutional expression was discussed and construed by the Supreme Court in Hartranft's Appeal, 85 Pa. 433. At page 444, Mr. Justice Gordon, speaking for the court, said:

". . . It is scarcely conceivable that a man could be more completely invested with the supreme power and dignity of a free people. Observe, the *supreme executive power* is vested in the Governor and *he is charged with the faithful execution of the laws*, and for the accomplishment of this purpose he is made commander-in-chief of the army, navy and militia of the state. Who then shall assume the power of the people and call this magistrate to an account for that which he has done in discharge of his constitutional duties? . . ."

In this case the Supreme Court held that neither the Governor, the Secretary of the Commonwealth, nor the Adjutant General was subject to attachment for refusing to obey a subpoena ordering him to appear before the Grand Jury of Allegheny County.

At page 445 of its opinion, the Supreme Court said:

". . . We had better at the outstart recognize the fact, that the executive department is a co-ordinate branch of the government, with power to judge what should or should not be done, within its own department, and what of its own doings and communications should or should not be kept secret, and that with it, in the exercise of these constitutional powers, the courts have no more right to interfere, than has the executive, under like conditions, to interfere with the courts. . . ."

The line of demarcation between the functions of the legislative and executive branches of the government is just as clear as is the distinction between the functions of the judicial and executive branches.

In an earlier case, De Chastellux v. Fairchild, 15 Pa. 18, Chief Justice Gibson said, at page 20:

". . . The functions of the several parts of the government are thoroughly separated, and distinctly assigned to the principal branches of it, the legislature, the executive, and the judiciary, which, within their respective departments, are equal and co-ordinate. Each derives its authority, mediately or immediately, from the people; and each is responsible, mediately or immediately, to the people for the exercise of it. When either shall have usurped the powers of one or both of its fellows, then will have been effected a revolution, not in the form of the government, but in its action. . . ."

Article four, section eleven, of the Constitution provides that the Governor ". . . shall, from time to time, give to the General Assembly information of the state of the Commonwealth, and recommend to their consideration such measures as he may judge expedient."

There is no power conferred upon the General Assembly by the Constitution at any time or under any circumstances to call the Governor before it for the purpose of interrogating him as to the reasons underlying any action which he has taken; and, particularly, the Constitution does not authorize the Gen-

eral Assembly to call upon the Governor to justify his reasons for recommending to their consideration such measures as he may judge expedient.

In all the history of Pennsylvania, I have been unable to find any instance in which a Governor submitted himself to examination before either the General Assembly or any committee or subcommittee thereof. Clearly, your examination by the Senate committee at this time would establish an unparalleled precedent.

I cannot escape the conclusion that it would be a serious mistake for any Governor by such a precedent to break down the time-honored distinction between the functions of the legislative and executive departments.

There cannot be any objection to the submission by you in writing of such information as you care to furnish, laying before the Senate committee the reasons which moved you to recommend to the General Assembly that the Public Service Commission be abolished. You may also, without establishing a dangerous precedent, voluntarily appear in person before the committee to read your statement.

However, to submit yourself to examination by the committee or by counsel for the committee, or anyone who has appeared before it, would, in my judgment, be an entirely different matter, which it is impossible to justify. As Chief Justice Gibson indicated, the Governor for the performance of his official duties is answerable not to the General Assembly or any committee thereof, but to the people of this Commonwealth. It would be a mistake for you to attempt to answer to anyone else for the recommendations which you have made to the General Assembly.

Accordingly, I am firmly of the opinion that while he may appear before a committee to present information or make recommendations, the Governor cannot properly submit to examination as a witness before the General Assembly or any committee thereof.

From C. P. Addams, Harrisburg, Pa.