## De Chastellux *versus* Fairchild.

The power to order new trials is *judicial.* The legislature does not possess judicial power, and they have not the right to direct that a new trial be granted. The case of Braddee *v.* Brownfield, 2 *W. & Ser.* 271, overruled.

Error to the Common Pleas of *Bradford county.*

This was an action of trespass, brought to May term 1840, No. 244, for cutting and carrying away timber-trees. The cause was tried before Judge Woodward, at a special court, on the 15th June, 1844: a verdict was rendered for the plaintiff, and damages assessed at $600. A motion was made for a new trial, which was overruled by the judge, and judgment was entered upon the verdict. The defendant took a writ of error to July term 1844, in which a *non pros.* was entered. A *fi. fa.* was issued to September term 1844, which was levied upon personal property. The property was appraised, bond executed, and the *fi. fa.* stayed one year. The defendant took a writ of error to July term 1845. The cause was argued in the Supreme Court, and the judgment affirmed. See 1 *Barr* 176.

To December term 1845, a *vend. exp.* was issued for the sale of personal property, and it was sold for $109.77. To May term 1846, the plaintiff issued a *fi. fa. post. vend. exp.*, which was returned, levied upon real estate, inquisition, and extension, and notice to defendant to keep the property at the valuation. The defendant not having paid as required by the extent and notice, an affidavit was filed, and *vend. exponas* was issued.

On the 16th March, 1847, an act of Assembly was passed, which enacted that a new trial shall be, and hereby is granted and allowed, and directed to be granted and allowed by the Court of Common Pleas of the county of Bradford, in a certain action therein instituted by Cesar Laureat Conto De Chastellux against Abel Fairchild, to May term, one thousand eight hundred and forty—number two hundred and forty; and that the said case be proceeded in to trial and judgment, with like effects in all respects as if the same had not been heretofore tried in said court and passed upon on motion for a new trial. See Acts of 1847, 405.

September 3, 1849, on motion, the court, Williston, J., granted a rule to show cause why the *vend. exp.* shall not be set aside, and proceedings stayed in the mean time. March 23, 1850, rule made absolute.

[De Chastellux *v.* Fairchild.]

The opinion of JESSUP, J., was partly as follows :—The effect of the act of Assembly is to set aside the verdict of the jury, and to reverse the solemn judgment of the Supreme Court, duly pronounced, upon full and learned argument.   The legislature have assigned no reasons for this proceeding, but when the situation of the case is considered, it is fair to infer that they intend to establish for the trial of the cause a different rule from that supposed to be settled by the Supreme Court in the opinion which they delivered. If the Supreme Court are right, why reverse their opinion ?   Why grant a new trial?   I cannot suppose the legislature intend to arraign the finding of the jury, and upon an ex-parte hearing to grant that which the learned judge who tried the cause, and who had all the facts before his mind, thought he ought not to do.

But, perhaps, in all this I am wrong, and it was only intended to give a new trial upon the facts, and not to interfere with the rule of law, as settled by the Supreme Court.   It is, at best, groping in the dark.   A future trial is to be in *all respects* as if the cause had not been tried—of course, as if the Supreme Court had not adjudged the case.   The difficulties likely to arise from this species of legislation, might be shown to be much extended beyond those thus intimated.   But what has this court to do with any of these questions ?   It has been argued before us, that the statute is unconstitutional.   But in the case of Menges *v.* Wertman, 1 *Barr* 223, the Supreme Court have very properly said that "it is a grave thing to set aside an act of the representatives of the people, and strange confusion would ensue were it attempted by the county courts or the inferior magistracy."   That the legislature, in this case, exercised the prerogatives of a high court of errors and appeals, is very evident, and whether the Supreme Court will consider them as assuming such judicial powers as are not granted by the constitution, I must leave for them to determine.   I trust they will, if they sustain the statute, also determine in what light this court is to regard the previous adjudication by them of this case.

This rule is made absolute.

It was assigned for error, that the court erred in setting aside the *ven. exponas,* and preventing the plaintiff from collecting the judgment.

The case was argued by *W. Elwell,* for plaintiff in error.—That setting aside an execution, and thus depriving the plaintiff of all remedy upon his judgment, is error : 3 *Bin.* 273 ; *id.* 432 ; 1 *Pa. Rep.* 295.

2. The act of 16th March, 1847, cannot be held to affect this case : 1st. Because the act applies to number 240, of May term 1840, and this suit was numbered 244, and was instituted against Fairchild and *White.*   2d. If the act does apply to this case, it is

[De Chastellux *v.* Fairchild.]

unconstitutional; the power to grant new trials is in the courts, not in the legislature. The only case where it has been exercised by the legislature, was in that of Braddee *v.* Brownfield, and there it was condemned by one member of the court: 3 *Greenleaf* 326; 4 *id.* 140; 2 *Chipman* 77; 1 *N. Hamp.* 199; 1 *U. S. Digest* 565.

*W. Watkins,* for defendant.—The verdict was against the charge, but the court refused a new trial, and defendant had no remedy but an application to the legislature. The act in question does not impair any legal right; it only furnishes a remedy to reach the right of the defendant. The legislature of this State have the power to direct a new trial. He referred to Norris *v.* Clymer, 2 *Barr* 277; Braddee *v.* Brownfield, 2 *W. & Ser.* 271; 2 *Peters* 413. There is nothing in the constitution forbidding to the legislature the exercise of such power.

The opinion of the court was delivered, July 15, 1850, by

GIBSON, C. J.—If any thing is self-evident in the structure of our government, it is, that the legislature has no power to order a new trial, or to direct the court to order it, either before or after judgment. The power to order new trials is judicial; but the power of the legislature is not judicial. It is limited to the making of laws; not to the exposition or execution of them. The functions of the several parts of the government are thoroughly separated, and distinctly assigned to the principal branches of it, the legislature, the executive, and the judiciary, which, within their respective departments, are equal and co-ordinate. Each derives its authority, mediately or immediately, from the people; and each is responsible, mediately or immediately, to the people for the exercise of it. When either shall have usurped the powers of one or both of its fellows, then will have been effected a revolution, not in the form of the government, but in its action. Then will there be a concentration of the powers of the government in a single branch of it, which, whatever may be the form of the constitution, will be a despotism—a government of unlimited, irresponsible, and arbitrary rule. It is idle to say the authority of each branch is defined and limited in the constitution, if there be not an independent power able and willing to enforce the limitations. Experience proves that it is thoughtlessly but habitually violated; and the sacrifice of individual right is too remotely connected with the objects and contests of the masses to attract their attention.

From its every position, it is apparent that the conservative power is lodged with the judiciary, which, in the exercise of its undoubted right, is bound to meet every emergency; else causes would be decided not only by the legislature, but, sometimes, without hearing or evidence. The mischief has not yet come to that, for the legislature has gone no farther than to order a rehearing on the merits;

[De Chastellux *v.* Fairchild.]

but it is not more intolerable in principle to pronounce an arbitrary judgment against a suitor, than it is injurious in practice to deprive him of a judgment, which is essentially his property, and to subject him to the vexation, risk, and expense of another contest.

It has become the duty of the court to temporize no longer, but to resist, temperately, though firmly, any invasion of its province, whether great or small.

We are bound to say, therefore, that Braddee *v.* Brownfield is not law, and that it was erroneously decided. As the act before us is null, the plaintiff ought to have been allowed to proceed on his judgment.

Order reversed, and rule to show cause discharged. ˈ