**FRIENDS OF PENNSYLVANIA LEADERSHIP CHARTER SCHOOL, Appellant**

v.

**CHESTER COUNTY BOARD OF ASSESSMENT APPEALS.**

Commonwealth Court of Pennsylvania.

Argued Dec. 12, 2012.

Decided Jan. 16, 2013.

Andrew G. Lehr, West Chester, for appellant.

Anthony T. Verwey, West Chester, for appellee West Chester Area School District.

BEFORE: COHN JUBELIRER, Judge, and McCULLOUGH, Judge, and COLINS, Senior Judge.

OPINION BY Judge COHN JUBELIRER.

Friends of Pennsylvania Leadership Charter School (Friends) appeals from the Order of the Court of Common Pleas of Chester County (trial court) that granted the Motion for Judgment on the Pleadings (Motion) filed by Chester County Board of Assessment Appeals (Board) and the West Chester Area School District (WCASD) in Friends' appeal from the Board's denial of its claim for a refund of real estate taxes paid to Chester County (County). The trial court concluded that Friends was not eligible for the retroactive exemption from real estate taxes set forth in Section 1722–A(e)(3) of The Public School Code of 1949 [1] (School Code) and, therefore, was not entitled to a refund of the real estate taxes collected on behalf of the County for 2008, 2009, and 2010. The trial court also dismissed, without prejudice, other issues relating to school taxes paid by Friends for the same years reasoning that those matters were not properly before the trial court. Although the trial court based its decision to grant the Motion on the plain language of Section 1722–A(e)(3) of the School Code, the trial court went on to indicate that, had it reached the constitutional question raised by the Board and WCASD, it would have found that the retroactive application of Section 1722–A(e)(3) violated Article I, Section 11 of the Pennsylvania Constitution (providing for a remedy by the due course of law).[2] On

---

1. Act of March 10, 1949, P.L. 30, added by Section 1 of the Act of June 19, 1997, P.L. 225, *as amended*, 24 P.S. § 17–1722–A(e)(3).

2. Article I, Section 11 of the Pennsylvania Constitution provides that individuals are entitled to receive a "remedy by due course of law" for an injury:

appeal, Friends argues that the trial court erred in: limiting its determination only to the refund of taxes paid to the County; concluding that Friends did not qualify for the retroactive tax exemption because it did not plead that it was an associated nonprofit foundation; and finding the retroactive application of Section 1722–A(e)(3) to be unconstitutional. For the following reasons, we affirm the trial court's Order.

Friends is a Pennsylvania domestic nonprofit corporation that is affiliated with the Pennsylvania Leadership Charter School (PALCS), a public cyber charter school. Both Friends and PALCS are recognized as nonprofit corporations under Section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3). (Petition for Appeal From the Decision of the Board (Petition for Appeal) ¶¶ 1, 3, R.R. at 5a–6a.) Under its Articles of Incorporation, Friends "operate[s] exclusively for the support and benefit of PALCS and its affiliated or controlled organizations." (Petition for Appeal ¶ 1, R.R. at 5a–6a.) Friends owns property at 1332 Enterprise Drive, West Chester, Pennsylvania 19380 (Property), which is located within the County and the WCASD. (Petition for Appeal ¶ 1, R.R. at 5a–6a.) Friends leases the Property to PALCS for use as a public cyber charter school. On August 6, 2007, Friends appealed the tax assessment of the Property and sought an exemption from real estate taxes as an institution of purely public charity, which the Board denied. (Petition for Appeal ¶ 5, R.R. at 6 a.) The trial court and this Court affirmed the Board's denial. *In Re: Appeal of Friends of Pennsylvania Leadership Charter School*, 987 A.2d 231 (Pa.Cmwlth., No. 808 C.D. 2009, filed January 7, 2010) (*Friends I* ).

Effective January 15, 2011, the General Assembly amended Section 1722–A of the School Code to provide a tax exemption for certain entities, including nonprofit corporations and associated nonprofit foundations that leased property to charter and cyber charter schools. Section 1722–A(e) of the School Code provides, in relevant part:

> (1) Notwithstanding the provisions of [S]ection 204 of the act of May 22, 1933 (P.L. 853, No. 155), known as The General County Assessment Law [ (County Tax Law) ], all school property, real and personal, owned by any charter school, cyber charter school or an associated nonprofit foundation, or owned by a nonprofit corporation or nonprofit foundation and leased to a charter school, cyber charter school or associated nonprofit foundation at or below fair market value, that is occupied and used by any charter school or cyber charter school for public school, recreation or any other purposes provided for by this act, shall be made exempt from every kind of State, county, city, borough, township or other real estate tax. . . .
>
> . . . .
>
> (3) This subsection shall apply retroactively to all charter schools, cyber charter schools and associated nonprofit foundations that filed an appeal from an assessment, as provided in Article V of [the County Tax Law], prior to the effective date of this subsection.

24 P.S. § 17–1722–A(e).

On March 28, 2011, Friends applied for a real estate exemption for the Property, which the Board granted commencing with

---

All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct. Pa. Const. art. I, § 11.

the 2011 school tax year.[3] (Petition for Appeal ¶¶ 7–8, R.R. at 7a.) Friends filed a verified claim for a real estate tax refund pursuant to Section 5566b of the Local Tax Collection Law[4] (Local Tax Law) with the County Treasurer, asserting that it was entitled to a refund of the County taxes it paid in tax years 2008, 2009, and 2010 based on the retroactive exemption provisions of Section 1722–A(e)(3) of the School Code. (Petition for Appeal ¶¶ 9, 11, R.R. at 7a.) By letter dated July 27, 2011, the Board denied Friends' verified claim. (Petition for Appeal ¶ 10, R.R. at 7a.)

Friends filed an appeal to the trial court asserting that, pursuant to Section 1722–A(e)(3), "Nonprofit Foundations such as Friends" were exempt from the real estate taxes it paid to the County and to WCASD in 2008, 2009, and 2010 and, thus, Friends was entitled to a refund of those taxes. (Petition for Appeal ¶¶ 15–19, 21–24, 26–28, 30, R.R. at 8a–10a.) Friends also sought the withdrawal of the 2011 real estate taxes the County billed Friends and the 2010 real estate taxes WCASD billed Friends. (Petition for Appeal ¶¶ 20, 25, 29, 31, R.R. at 9a–10a.) The County and WCASD filed answers to the Petition for Appeal.

After the pleadings were closed WCASD filed the Motion, which the County joined, contending that Friends was not entitled to a refund under Section 1722–A(e)(3) as a matter of law and that the retroactive application of Section 1722–A(e)(3) violated the Pennsylvania Constitution.

In its footnoted Order, the trial court first addressed the scope of Friends' appeal, which was not from the approval of Friends' March 28, 2011 exemption application, but from the July 27, 2011 denial of Friends' verified claim for a real estate tax refund. The trial court indicated that Friends' verified claim requested only a refund of *County* real estate taxes from 2008, 2009, and 2010 and did not include a request for a refund of the school taxes it paid in 2008, 2009, or a determination as to its obligation to pay school taxes in 2010 or County taxes in 2011. Thus, the trial court explained that, to the extent Friends attempted to expand the scope of its appeal to encompass issues not presented in its verified claim, the trial court would only review those issues included in the verified claim and ruled upon by the Board in the July 27, 2011 denial. (Trial Ct. Order at 1–2; Trial Ct.1925(b) Op. at 2–3.)

The trial court proceeded to address whether Friends qualified for the retroactive exemption provided in Section 1722–A(e)(3). Based on the statutory construction principle that provisions imposing taxes and retroactive provisions are to be strictly construed, the trial court reasoned

---

3. Thus, Friends should be exempt from all real estate taxation beginning with the 2011 school tax year.

4. Act of May 21, 1943, P.L. 349, *as amended*, 72 P.S. § 5566b. Section 5566b(a), (c) of the Local Tax Law states, in pertinent part:

(a) Whenever any person or corporation of this Commonwealth has paid or caused to be paid, or hereafter pays or causes to be paid, into the treasury of any political subdivision, directly or indirectly, voluntarily or under protest, any taxes of any sort ... to which the political subdivision is not legally entitled; then, in such cases, the proper authorities of the political subdivision, upon the filing with them of a written and verified claim for the refund of the payment, are hereby directed to make ... refund of such taxes ... to which the political subdivision is not legally entitled.

....

(c)(1) Any taxpayer who has paid any tax money to which the political subdivision is not legally entitled shall receive interest on such sum of money....

(2) For purposes of this subsection, the term "political subdivision" means a county ... [and] school district....

72 P.S. § 5566b(a), (c).

that because Section 1722–A(e) expressly differentiates between "nonprofit corporations" and "associated nonprofit foundations," and Section 1722–A(e)(3) refers only to "associated nonprofit foundations," Friends, as a nonprofit corporation, was not entitled to the exemption set forth in Section 1722–A(e)(3). The trial court further noted that Friends did not plead in its Petition for Appeal that it was an associated nonprofit foundation. Accordingly, the trial court granted the Motion with regard to Friends' refund requests related to its county real estate taxes and dismissed, without prejudice, Friends' other refund requests that were not addressed in the Board's July 27, 2011 denial. (Trial Ct. Order at 4; Trial Ct.1925(b) Op. at 3.)

■ After granting the Motion based on the plain language of Section 1722–A(e), the trial court stated that, had it been necessary to resolve the constitutional questions, it would have found that the retroactive application of Section 1722–A(e)(3) violated Article I, Section 11 of the Pennsylvania Constitution based on the reasoning in this Court's unreported opinion in *In Re: Appeal of Collegium Charter School,* 23 A.3d 1132 (Pa.Cmwlth., No. 2354 C.D.2010, filed July 26, 2011). Friends filed an appeal to this Court,[5] and the trial court directed Friends to issue a

Statement of Matters Complained of on Appeal. Friends did so and the trial court issued a separate opinion, reiterating many of the same points asserted in its footnoted Order.

Friends argues that the trial court erred and asks this Court to reverse the trial court's Order. Conversely, WCASD and the Board provide alternative arguments for why the trial court's Order should be affirmed. Specifically, they contend, based on this Court's unreported opinion in *Collegium Charter School,* that the retroactive application of Section 1722–A(e) of the School Code violates the Pennsylvania Constitution.[6]

■ WCASD and the Board argue that, pursuant to *Friends I,* the County and WCASD had a final judgment requiring Friends to pay real estate taxes on the Property, which Friends paid to WCASD in 2008 and 2009, and the County in 2008, 2009, and 2010. According to WCASD and the Board, this final judgment created vested rights in the taxes both WCASD and the County legally collected from Friends, and applying Section 1722–A(e)(3) to give Friends a refund of those already-paid taxes impairs their vested rights and violates, *inter alia,* Article I, Section 11 of

---

5. "Our scope of review of an order granting a motion for judgment on the pleadings is limited to determining whether the trial court committed an error of law or whether questions of material fact remain outstanding, such that the case should have gone to the jury." *Tobias v. Halifax Township,* 28 A.3d 223, 225 n. 4 (Pa.Cmwlth.2011). "Our standard of review of an order granting or denying a motion for judgment on the pleadings is plenary." *Trib Total Media, Inc. v. Highlands School District,* 3 A.3d 695, 698 n. 3 (Pa. Cmwlth.2010).

6. The trial court's discussion regarding the unconstitutionality of Section 1722–A(e)(3) was not necessary to grant the Motion and,

therefore, was dicta. If this discussion was not dicta, and the trial court did find this provision unconstitutional, then Friends could have filed a direct appeal from the trial court to the Supreme Court pursuant to Section 722 of the Judicial Code, 42 Pa.C.S. § 722(7) (providing that "[t]he Supreme Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in ... [m]atters where the court of common pleas has held invalid as repugnant to the Constitution ... any statute of[ ] this Commonwealth."). However, as previously stated, the trial court's discussion of the constitutionality was dicta and a motion to transfer has not been filed by either party.

the Pennsylvania Constitution.[7]

Friends asserts that the trial court erred in finding Section 1722–A(e)(3) unconstitutional because the collection of real estate taxes is only an expectancy and not a vested right that is impaired by the retroactive application of Section 1722–A(e)(3). According to Friends, *Collegium Charter School,* on which the trial court relied, was incorrectly decided because the principle of "vested rights" was meant to protect individuals' rights, not the rights of the government.

This Court's decision in *Collegium Charter School,* although unreported, held that the retroactive application of the real estate tax exemption as authorized by Section 1722–A(e)(3)[8] violates Article I, Section 11 of the Pennsylvania Constitution, Pa. Const. art. I, § 11. *Collegium Charter School,* slip op. at 8. In *Collegium Charter School,* a nonprofit corporation, whose purpose was to support the health, welfare and educational interests of the charter school, leased property to the charter school and was assessed real estate taxes. *Id.,* slip op. at 1–3. The nonprofit corporation and charter school appealed, arguing that the property was exempt from real estate taxes because it was being used by a public charter school. *Id.,* slip op. at 3. The local assessment appeals board denied the exemption, and the charter school appealed. *Id.* Subsequently, the nonprofit corporation and the charter school merged, with the charter school being the surviving entity. *Id.* The trial court held, based on stipulated facts, that the nonprofit corporation was not entitled to a tax exemption because it was the charter school, not the nonprofit corporation, that occupied the property and the nonprofit corporation did not qualify as an institution of purely public charity. *Id.,* slip op. at 4–5. One month after the trial court entered its order denying the real estate tax exemption, the General Assembly amended Section 1722–A. *Id.,* slip op. at 5. On appeal to this Court, the charter school argued that the trial court's order should be reversed because Section 1722–A(e) provides for a retroactive exemption to school property owned by an associated nonprofit foundation, leased to a charter school at or below market value, and used for public school purposes, 24 P.S. § 17–1722–A(e). *Collegium Charter School,* slip op. at 6. We considered "[w]hether [Section 1722–A] can apply to tax assessment cases where a final order has been entered," i.e. whether an entity that has a final order against it providing that the entity is not exempt from real estate taxes can rely on the retroactive provision of Section 1722–A(e)(3) to subsequently assert that it is exempt from real estate taxes and could obtain a refund for monies already paid. *Id.*

This Court began its inquiry with Article I, Section 11 of the Pennsylvania Constitution, which provides that individuals are entitled to receive a remedy for an injury by "due course of law" and states specifically:

> [a]ll courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale,

---

7. WCASD and the Board also argue that the retroactive application of Section 1722–A(e) violates: the Separation of Powers Doctrine because it acts to reverse a final court judgment, here *Friends I,* and compels a refund of taxes already legally paid; and Article III, Section 1, the Uniformity Clause of the Pennsylvania Constitution, because it treats identically-situated property differently for taxation purposes.

8. We refer to Section 1722–A as "Act 104" in *Collegium Charter School.*

denial or delay. Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct.

Pa. Const. art. I, § 11. We reviewed Pennsylvania Supreme Court precedent that interpreted this constitutional provision as meaning that:

the judiciary is directed to administer justice by due course of law and prohibits the legislature from intermeddling with those judicial functions. *Ieropoli v. AC & S Corporation,* 577 Pa. 138, 149, 842 A.2d 919, 925–26 (2004) (quoting *Menges v. Dentler,* 33 Pa. 495 (1859)). [The Supreme Court] continued to explain that the "guarantee of a 'remedy by due course of law' in Art. I, § 11, means that a case cannot be altered, in its 'substance,' by subsequent law[.]" *Id.* Specifically, a case is altered in its "substance" once legislation affects a "cause of action" that has "accrued." *Lewis v. Pennsylvania Railroad Co.,* 220 Pa. 317 [324], 69 A. 821 [823] (1908) (stating that "the law of the case at that time when it became complete is an inherent element in it; and, if changed or annulled, the law is annulled, justice denied, and the due course of law is violated.") An "accrued" cause of action creates a vested right, the interference with which by the legislature is a violation of Art. [I], § 11. *Gibson v. Commonwealth,* 490 Pa. 156, [161], 415 A.2d 80 [83] (1980) (quoting *Lewis,* 220 Pa. at 3[24], 69 A. at 823) (stating that "[t]here is a vested right in an accrued cause of action. . . . A law can be repealed by the law giver; but the rights which have been acquired under it, while it was in force, do not thereby cease. It would be an absolute injustice to abolish with the law all the effects it had produced. This is a principle of general jurisprudence; but a right to be within its protection must be a vested right.")

*Collegium Charter School,* slip op. at 7–8 (second and eighth alterations in original) (omission in original). We concluded that, "[o]bviously, once one receives a final judgment, the cause of action has accrued. Further, a vested right, which includes a tax lien, as in this case, would be impaired by the retroactive application of [Section 1722–A.]" *Id.,* slip op. at 8. Based on these legal principles, we held that Section 1722–A violated Article I, Section 11 of the Pennsylvania Constitution because, in applying Section 1722–A retroactively, it eliminate a vested right in the tax lien. *Id.*

It is well-settled that applying legislation retroactively to extinguish an accrued vested right is prohibited. *See Jenkins v. Hospital of Medical College of Pennsylvania,* 535 Pa. 252, 262–64, 634 A.2d 1099, 1104–05 (1993) (holding that a retroactive statute is not invalidated unless the legislation impairs, *inter alia,* vested rights, which include accrued causes of actions); *Gibson,* 490 Pa. at 161–62, 415 A.2d at 83 (same); *Rebel v. Standard Sanitary Manufacturing Co.,* 340 Pa. 313, 318–19, 16 A.2d 534, 537 (1940) (providing that an employee's vested right to recover under a statute could not be impaired by the subsequent repeal of that statute); *Stroback v. Camaioni,* 449 Pa.Super. 395, 674 A.2d 257, 261 (1996) (stating that "the Legislature may not extinguish a right of action which has already accrued to a claimant"). Although Friends assert that there is no vested right in the taxes collected, only an expectancy, here, as in *Collegium Charter School,* the County and WCASD had a final judgment—both the trial court's and this Court's orders in *Friends I*—that found that Friends was not entitled to a real estate tax exemption for the Property. Thus, there was more than an expectancy in the taxes collected. The cause of action related to Friends' obligation to pay real

estate taxes on the Property had "accrued," the County and WCASD had a vested right in the judgment awarding them the tax monies, and the retroactive application of the amendment of Section 1722–A that would have reversed Friends obligation to pay those real estate taxes would impermissibly eliminate that vested right in violation of Article I, Section 11 of the Pennsylvania Constitution.

Friends also asserts that the Pennsylvania Constitution protects the vested rights of individuals, not the government and, therefore, would not apply in this case. However, Friends does not provide any authority or analysis to support this broad assertion. In the absence of supporting authority, we decline to hold that a government entity would have no vested right in a court judgment it obtains simply because it is "the government."

■ Accordingly, we will affirm the trial court's Order on alternative grounds [9] and hold, consistent with our previous opinion in *Collegium Charter School,* that the retroactive application of the real estate tax exemption as provided for in Section 1722–A(e)(3) violates Article I, Section 11 of the Pennsylvania Constitution. We, therefore, do not address the other allegations of error raised by Friends.[10]

### ORDER

**NOW,** January 16, 2013, the Order of the Court of Common Pleas of Chester County in the above-captioned matter is hereby **AFFIRMED.**

---

9. "We may affirm a trial court's order based on a different rationale if the basis for our decision is clear on the record." *Guy M. Cooper, Inc. v. East Penn School District,* 903 A.2d 608, 618 n. 9 (Pa.Cmwlth.2006).

10. Were we to reach the other issues raised by Friends, we would find that the trial court did not err in limiting its review only to the issues raised in Friends' verified claim that the Board denied, i.e., the County tax refund, because that was the only determination that was before the trial court. Additionally, we would find that the trial court erred in dis-

missing Friends' challenge on the pleadings without giving it an opportunity to show that it, in fact, was an associated nonprofit foundation because Friends' pleadings, which we must accept as true when considering a motion for judgment on the pleadings, *Buehl v. Beard,* 54 A.3d 412, 416 (Pa.Cmwlth.2012), sufficiently implicated whether Friends was a nonprofit foundation whose mission was to "operate exclusively for the support and benefit of PALCS and its affiliated or controlled organizations." (Petition for Appeal ¶ 1, R.R. at 6a.)