# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Institute of Leadership, Education, Advancement & Development, Inc. | : : : | |
| v. | : : | No. 866 C.D. 2017 Argued: April 11, 2018 |
| The Board of Assessment Appeals of Berks County and Reading School District and Reading Downtown Improvement District | : : : : : : | |
| Appeal of: Reading School District | : | |

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE ROBERT SIMPSON, Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge
          HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                **FILED: May 14, 2018**

This Court granted permission for an interlocutory appeal from an amended order of the Court of Common Pleas of Berks County (trial court) denying Reading School District's (School District) motion for summary judgment. The underlying issue is whether a tax exemption, granted by a 2010 amendment to Section 1722-A(e) of the Charter School Law, 24 P.S. §17-1722-A(e),[1] to certain

---

[1] Act of November 17, 2010, P.L. 996, added by the Act of June 19, 1997, P.L. 225, as amended. Section 1722-A(e)(1) now provides, in pertinent part (with emphasis added):

> (e)(1) Notwithstanding the provisions of section 204 of the act of May 22, 1933 (P.L. 853, No. 155), known as The General County Assessment Law, all school property, real and personal, owned by

nonprofit corporations or foundations leasing real property to a charter school, violates the Pennsylvania Constitution, as discussed in *dicta* in two concurring opinions from our Supreme Court in Friends of Pennsylvania Leadership Charter School v. Chester County Board of Assessment Appeals, 101 A.3d 66 (Pa. 2014) (Saylor, J., concurring, joined by Todd, J.) (Eakin, J., concurring, joined by Castille, C.J.).

After careful consideration, we are convinced that issues of material fact exist, the resolution of which may permit the avoidance of constitutional issues. Accordingly, we affirm the denial of the motion for summary judgment to the School District, without prejudice, and we remand for further proceedings in the trial court.

The property in question is a 1.25-acre lot in downtown Reading, improved with a 260,000-square foot building consisting of five floors plus a lower level. In 2013, the property was deeded to the Institute of Leadership, Education, Advancement & Development, Inc. (I-LEAD), a nonprofit corporation, as a gift.

I-LEAD leases the building to the I-LEAD Charter School (Charter School). The most recent lease lists no "exceptions" to the portion of the property

---

any charter school, cyber charter school or an associated nonprofit foundation, or owned by a nonprofit corporation or nonprofit foundation and leased to a charter school, cyber charter school or associated nonprofit foundation at or below fair market value, that is occupied and used by any charter school or cyber charter school for public school, recreation or any other purposes provided for by this act, shall be made exempt from every kind of State, county, city, borough, township or other real estate tax .…

24 P.S. §17-1722-A(e)(1).

leased by I-LEAD to the Charter School, although there is a dispute as to whether, and to what extent, I-LEAD retains a presence at the property.

I-LEAD filed a tax assessment appeal in the trial court, arguing that the property should be exempt from real estate taxation by virtue of the 2010 amendment to Section 1722-A(e), or by virtue of its status as a purely public charity.[2] The School District and the Reading Downtown Improvement District intervened. The School District and I-LEAD filed cross-motions for summary judgment, which the trial court denied. Thereafter, the trial court amended its order denying summary judgment to the School District to incorporate language supporting an interlocutory appeal.

The School District sought permission from this Court for an interlocutory appeal. At about this time, I-LEAD changed counsel. Entry of Appearance on behalf of Appellee Institute of Leadership, Education, Advancement & Development, Inc., 7/11/17. Noting that no party responded to the petition for permission to appeal, this Court granted the petition, limiting the issue on appeal to the constitutionality of the 2010 amendment to Section 1722-A(e) of the Charter School Law. Cmwlth. Ct. Order, 7/27/17.

Thereafter, the trial court filed an opinion supporting its denial of summary judgment. Tr. Ct., Slip Op., 8/27/17 (Fudeman, J.). Essentially, the trial court stated that it deferred ruling on the constitutional question and denied both

---

[2] There are two multi-faceted tests that must be met to qualify for a real estate tax exemption as a purely public charity. The first is a constitutional test, set forth in the seminal decision of Hospital Utilization Project v. Commonwealth, 487 A.2d 1306 (Pa. 1985). The second is a statutory test, set forth in the Institutions of Purely Public Charity Act, Act of November 26, 1997, P.L. 508, 10 P.S. §§371-385. See generally Mesivtah Eitz Chaim of Bobov, Inc. v. Pike Cty. Bd. of Assessment Appeals, 44 A.3d 3 (Pa. 2012).

motions for summary judgment "because there remain unsettled factual issues that must be resolved in order to render a decision regardless of whether the statute is constitutional or not." Id. at 1-2.

In particular, the trial court noted the School District's contention that the 2010 amendment to Section 1722-A(e) of the Charter School Law was unconstitutional. The trial court also noted I-LEAD's alternate theory that it qualifies for tax exemption as a purely public charity. Mindful of our Supreme Court's admonition that courts should "'generally seek[] to avoid constitutional questions where a matter can be decided on alternative, non-constitutional grounds[,]'" id. at 5 (quoting In re Interbranch Comm'n on Juvenile Justice, 988 A.2d 1269, 1282 (Pa. 2010)), the trial court identified the outstanding factual issues as:

> I-LEAD's charitable purposes and its own activities in the building; the extent of the Charter School's use of the building, in terms of both what the lease covers and what the school leases versus what portion of the demised premises it actually uses; attempts to acquire additional tenants for the building and a lease provision providing for sharing of surplus rental income; the amount of rent I-LEAD charged the Charter School and whether that rent is at or below fair market rates; and I-LEAD's claims of depreciation for tax purposes.

Id. at 4-5 (emphasis added); see also id. at 10. Ultimately, the trial court asked this Court to affirm its denial of the School District's motion for summary judgment and remand the case for further proceedings. Id. at 13.

4

In the briefing in this Court on the interlocutory appeal, new counsel for I-LEAD argued that while the Charter School occupies and uses all portions of the property, I-LEAD retains the right to use the property for its own charitable purposes, and has used the property for those purposes, but the full extent of its involvement is not a matter of record. Br. of Appellee at 7. Further, I-LEAD argues that facts regarding the Charter School's use of the property, including "unusual" lease arrangements, I-LEAD's philanthropic support of the Charter School, and the extent of the use of the building space by I-LEAD, are significant factors in determining the statutory category to be applied to I-LEAD. Id. at 22-24. These assertions parallel the material, outstanding factual issues identified by the trial court. See Pa. R.C.P. No. 1035.2 (a party may move for summary judgment whenever there is no genuine issue of material fact as to a necessary element of the cause of action).

With the benefit of the trial court's opinion (which was unavailable at the time this Court granted permission to appeal based on the lack of opposition), and the change of counsel for I-LEAD, resulting in an assertion that material facts are not yet of record, our view of the wisdom of entertaining an early constitutional challenge has changed. The constitutional question may be impacted by the extent to which I-LEAD remains an occupier of the property. At the very least, more clarity is needed on this point. Further, the constitutional question may be avoided altogether if the property qualifies for tax exemption on other grounds, such as a purely public charity. For these reasons, we affirm the trial court's denial of summary judgment to the School District, without prejudice to reassert its

5

constitutional challenges at a later point in the proceedings before the trial court. Accordingly, we enter the following order.

 

 

 

_____

ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Institute of Leadership, Education, : 
Advancement & Development, Inc. :

                           :

         v.            :    No. 866 C.D. 2017
                           :    Argued: April 11, 2018

The Board of Assessment Appeals of :
Berks County and Reading School :
District and Reading Downtown :
 Improvement District :

                           :

Appeal of:  Reading School District :

# O R D E R

     **AND NOW**, this 14th day of May, 2018, the order entered May 2, 2017, and amended May 30, 2017, denying summary judgment to the Reading School District is **AFFIRMED**.  The matter is remanded for further proceedings consistent with the foregoing opinion.

     Jurisdiction is relinquished.

 

                                _____
                                ROBERT SIMPSON, Judge